**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 12, 2025

Writer's Direct Contact
+1 (212) 336-4257
jkaufman@mofo.com

**Via ECF**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Imperial Jewelers & Trading Inc. v. UPS Capital Corporation, et al.*, 25-cv-05785;
Joint Request to Refer Claims to Arbitration and Stay Proceedings

Dear Judge Rakoff:

We write on behalf of Imperial Jewelers & Trading, Inc. ("Plaintiff"), and UPS Capital Corporation ("UPS Capital") and FedEx Office and Print Services, Inc. ("FedEx") (together, "Defendants") (collectively, the "Parties"), to jointly request a referral of Plaintiff's claims to binding arbitration before the American Arbitration Association ("AAA") and to stay these proceedings pending completion of arbitration. Pursuant to Rule 2(b) of Your Honor's Individual Rules of Practice, the Parties jointly called Chambers on August 11, 2025, seeking the relief requested herein, and were instructed by the Court to submit this letter application.

As Defendants previewed in the proposed Case Management Plan submitted by the Parties on July 31, 2025 (ECF No. 10 § A), Plaintiff's claims are subject to binding arbitration and cannot proceed in this Court. This action arises from Plaintiff's shipment of goods with Parcel Pro (a UPS Capital company) via FedEx. (*See generally* ECF No. 1-1.) In contracting with Parcel Pro to ship the package issue in this case, Plaintiff agreed to Parcel Pro's Terms and Conditions (Ex. A, "Terms"). The Terms contain a binding arbitration clause, expressly providing that:

> [E]xcept for disputes that qualify for state courts of limited jurisdiction . . . any controversy or claim, whether at law or equity, arising out of or related to these T&Cs or the provision of services by Parcel Pro . . . shall be resolved in its entirety by individual (not class-wide nor collective) binding arbitration.

**MORRISON FOERSTER**

The Hon. Jed S. Rakoff
August 12, 2025
Page Two

(Terms § 7.) The Terms further provide that "arbitration shall be conducted by the American Arbitration Association (AAA) in accordance with its Commercial Arbitration Rules." (*Id.* § 7(a).)

In addition, Plaintiff acknowledged and agreed that it was:

> WAIVING THE RIGHT TO HAVE A COURT, OTHER THAN A STATE COURT OF LIMITED JURISDICTION AS DEFINED ABOVE, RESOLVE ANY DISPUTE ALLEGED AGAINST YOU, PARCEL PRO **OR ANY PERSON OR ENTITY IN CONNECTION WITH THESE T&Cs**, ANY POLICY AND/OR COVERAGE OF SHIPMENTS THEREUNDER;

(*Id.* § 7(f)(b) (emphasis added).)

As discussed at the Initial Conference held on July 31, 2025, Defendants intended to file a motion to compel arbitration. The Court set a briefing schedule for Defendants' anticipated motion, ordering Defendants to file any such motion by August 18, 2025. (ECF No. 13.)

The Parties have since conferred and agree that Plaintiff's claims against Defendants are subject to the binding arbitration clause in the Terms. The Parties therefore request that the Court refer all of Plaintiff's claims in this action to binding arbitration before the AAA and stay this action pending final resolution of that proceeding. *See Picha v. Gemini Tr. Co., LLC*, No. 22 CIV. 10922 (NRB), 2024 WL 967182, at *14 (S.D.N.Y. Mar. 5, 2024) ("In the Second Circuit, when all claims have been referred to arbitration and a stay is requested, the court must grant the stay.") (citing *Katz v. Cellco P'ship*, 794 F. 3d 341, 345 (2d Cir. 2015)).

If the Court stays this action, the Parties propose submitting a joint status letter to the Court within seven days following the conclusion of the arbitration. The Parties are also prepared to submit a stipulation and proposed order upon the Court's request.

SO ORDERED. No further stipulation needed.

/s/ Jed Rakoff
USDJ

8-12-25

2

**MORRISON FOERSTER**

The Hon. Jed S. Rakoff
August 12, 2025
Page Three

Respectfully submitted,

| MORRISON & FOERSTER LLP | LAW OFFICES OF JONATHAN E. NEUMAN, ESQ. |
|---|---|
| */s/ Jessica Kaufman* | */s/ Jonathan E. Neuman* |
| Jessica Kaufman | Jonathan E. Neuman, Esq. |
| Justin Young | 176-25 Union Turnpike, Suite 230 |
| 250 West 55th Street | Fresh Meadows, New York 11366 |
| New York, New York 10019 | Telephone: (347) 450-6710 |
| Telephone: (212) 468-8000 | jnesq@jenesqlaw.com |
| JKaufman@mofo.com | |
| JustinYoung@mofo.com | *Counsel for Plaintiff* |
| *Counsel for Defendants* | |

Enclosures